113]     * BOSSERT *v.* THE STATE.

Indictment—certainty—name of a creek—jurors not sole judges of facts—courts to aid jury.

A creek known by the name of the middle fork of Beaver, and also by the name of the middle fork of *Little* Beaver, is sufficiently described in an indictment by the first name alone.

Jurors are not sole judges of fact; it is the duty of the court to aid the jury in their search after truth, and whatever is fairly done by the court to aid the jury cannot be objected as error. Courts are applied to daily to grant new trials, because the finding of the jury is against the facts proven in the case.

ERROR to the Court of Common Pleas. The record shows that the plaintiff in error was indicted in the court below for a nuisance in erecting a dam across *a certain stream in Salem township, in said county, called the middle fork of Beaver.* On the trial, proof was given on one side, that the stream was known by the name of *middle fork of Beaver creek,* and that there was no stream in that township known as the *middle fork of Little Beaver;* and on the

other side, that the stream was called *the middle fork of Little Beaver*, and by *no other* name. Upon this evidence the court charged the jury: 1st. That if the creek was known by the name of the *middle fork of Beaver*, as well as the *middle fork of Little Beaver*, or, 2d. If it was commonly known as the *middle fork of Little Beaver*, it was sufficient, as the indictment did not describe the creek as *big* or *little* Beaver.

Evidence was also given on the subject of the prevailing wind, as to which the court, in charging the jury, observed as a matter of fact, that during the summer time, when southerly winds blew, the weather was hotter than when northwest winds prevailed, and that in consequence, as a miasma was disengaged by heat, persons living in a northeasterly direction from stagnant water would be more likely to be sick than those living in other directions.

These opinions were excepted to, and it is now sought to reverse the judgment because they are erroneous.

*Tappan* and *Russell*, for the plaintiff in error.

*Loomis*, for the state.

LANE, J. took a view of the origin of the jury trial, and the modes of conducting them. He adverted to several material changes in the machinery of trying causes to the jury, bringing the practice down to the present time. (The reporter has no minute of his opinion.)

Upon the two first points, the court were clearly of opinion there was no error in the charge of the court below. The stream was sufficiently described as in the township, and by the name of the *middle fork of Beaver*. It was no way material that some persons called it *little* Beaver. As to the main point urged by counsel, that the court below interfered with the province of the jury in *charging upon the facts. The court thought it difficult, if [114 not impossible, so to conduct a jury trial in such a manner as not to convey to the jury in some way the opinion of the judge on the facts. The judge is to decide the law, and direct its application to the facts; but the jury are still to judge of and find the facts. The court thought it not true, that jurors are the *sole judges of facts*. It is every day's practice to apply to the court to set aside verdicts, because they are contrary to the evidence and the facts. It is the province of the court to aid the jury in their search for truth. What is fairly done to that end cannot be objected to as error. If the judge forget his duty, and act corruptly, he should be impeached.

There is nothing in the record showing any impropriety in the court below on the trial of this case.

The judgment is affirmed.